UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ANTHONY L. RENDINA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CV-421-TAV-HBG |
| | ) | |
| RONALD SEALS, | ) | |
| RHETT RUTLEDGE, | ) | |
| IAN MORLAN, | ) | |
| KYLE MILLER, | ) | |
| TREVOR TARWATER, | ) | |
| DAVID BUCHANAN, | ) | |
| FNU COLE, | ) | |
| FNU ROSS, | ) | |
| LNU JOE, | ) | |
| FNU BALLARD, and | ) | |
| FNU MAPLES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The Court is in receipt of a pro se prisoner's complaint under 42 U.S.C. § 1983 [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 4], and a motion to appoint counsel [Doc. 5]. The Court will first address Plaintiff's motions before screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

**I.    FILING FEE**

Plaintiff's motion for leave to proceed *in forma pauperis* is unaccompanied by a certified copy of his inmate trust account for the previous six-month period [Doc. 4]. Plaintiff contends, however, that staff at the Sevier County Jail, where he is housed, refuse to comply with the Court's order to produce the inmate account statement [*See* Doc. 7].

Accordingly, the Court will presume that Plaintiff lacks sufficient financial resources to pay the filing fee, and pursuant to 28 U.S.C. § 1915, this motion [Doc. 4] will be **GRANTED**.

Because Plaintiff is an inmate in the Sevier County Jail, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II. APPOINT COUNSEL

Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605-06 (6th Cir. 1993). A district court has discretion to determine whether to appoint counsel for an indigent party. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the party's ability to present his claims. *Lavado*, 992 F.2d at 605-06. After considering these factors, the Court finds that appointment of counsel is not warranted in this case. Accordingly, Plaintiff's motion to appoint counsel [Doc. 5] is **DENIED**.

## III. SCREENING

### A. COMPLAINT ALLEGATIONS

Plaintiff was confined to Max 2, cell 216, at the Sevier County Jail ("SCJ") on April 6, 2019 [Doc. 1 p. 1]. On that date, the toilet in his cell would not stop running, so Correctional Officer ("CO") David Buchanan cut off the water to his cell [*Id.*]. On 11 separate dates between April 7 and May 5, Plaintiff submitted written requests to Defendants Buchanan, Miller, Morlan, and Rutledge, asking that the toilet be repaired or that water be provided to him [*Id.* at 2]. Plaintiff received no response [*Id.*].

On 13 separate dates between April 8 and May 4, Plaintiff made the same requests from Defendants Ross, Cole, Tarwater, Morlan, and Rutledge [*Id.*]. On April 7, 21, and 25, Plaintiff mailed formal requests to Defendants Morlan, Rutledge, and Seals asking them

3

to repair his toilet or move him to a cell with water [*Id*.]. Plaintiff wrote formal requests to Defendant Maples on April 6, 16, and 23, requesting that his toilet be repaired [*Id*]. Defendant Maples told Plaintiff that he would repair Plaintiff's toilet on April 17, 2019, but he failed to do so [*Id*.]. Thereafter, Plaintiff refused to go back into his cell but was ultimately forced into the cell by Defendant Buchanan [*Id*.]. The water remained shut off in Plaintiff's cell for 30 consecutive days until Defendant Maples repaired the toilet on May 6, 2019 [*Id*. at 1].

### B. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*,

404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**C.     ANALYSIS**

[T]he unnecessary and wanton infliction of pain," inflicted with "deliberate indifference" to an inmate's health or safety, violates the Eighth Amendment. *Whitley v. Abers*, 475 U.S. 312, 319 (1986); *Hudson v. McMillan*, 503 U.S. 1, 8 (1992). A prison official acts with deliberate indifference when the official knows of and disregards an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This standard applies to prison conditions, as well as to prisoner punishments. *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). However, "[t]he Constitution does not mandate comfortable prisons." *Id.* at 349. Only "extreme deprivations" that deny a prisoner "'the

minimal civilized measure of life's necessities" will establish a claim. *Hudson*, 503 U.S. at 8-9 (citations and quotations omitted).

The Court finds that Plaintiff's allegation that he was denied running water in a maximum security cell for 30 days arguably states an Eighth Amendment claim. Accordingly, the Court will allow this claim to go forward as to the allegedly responsible parties. However, Plaintiff has sued each Defendant in his or her individual capacity [Doc. 1 p. 1], and his complaint contains no allegations of wrongdoing by Defendants Seals, Joe, or Ballard. Therefore, Plaintiff has not stated an arguable claim against these Defendants. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Moreover, Plaintiff cannot seek to impose liability on Defendant Seals based only on his status as Sheriff, as a court may not impose liability under § 1983 based on a failure to act and/or a theory of *respondeat superior*. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, Defendants Seals, l/n/u Joe, and f/n/u Ballard will be **DISMISSED**.

### IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

6

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to provide a copy to the Court's financial deputy;

5. Plaintiff's motion to appoint counsel [Doc. 5] is **DENIED**;

6. This action will proceed as to Plaintiff's condition of confinement claim against Defendants Rutledge, Morlan, Miller, Tarwater, Buchanan, Cole, Ross, and Maples;

7. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendants Rutledge, Morlan, Miller, Tarwater, Buchanan, Cole, Ross, and Maples. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of receipt of this order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4;

8. Service shall be made on Defendants pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

9. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against him;

10. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court;

11. Defendants Seals, l/n/u Joe, and f/n/u Ballard are **DISMISSED**; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to

this Court within fourteen days of any change in address may result in the dismissal of this action.

**ENTER:**

                                          s/ Thomas A. Varlan
                                          UNITED STATES DISTRICT JUDGE